### FINE & JACKSON TRUCKING CORPORATION v. UNITED STATES et al.

Civ. No. 6830.

District Court, D. New Jersey.

April 18, 1946.

Before McLAUGHLIN, Circuit Judge, and FAKE and MEANEY, District Judges.

Charles E. Cotterill, of New York City, and Jacob Friedland, of Jersey City, N. J., for plaintiff.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., Edward V. Ryan, Asst. U. S. Atty., of Jersey City, N. J., and David O. Mathews, Sp. Asst. Atty. Gen., for the Government.

E. M. Reidy, of Washington, D. C., for Interstate Commerce Commission.

MEANEY, District Judge.

Petitioner, Fine & Jackson Trucking Corporation, prays for relief from an order of the Interstate Commerce Commission requiring divestment or cessation of dual operations on their part, which order they allege to be invalid on the following grounds:

(a) On the facts as found by the Commission it committed error of law in the conclusion that the provisions of Section 210 of the Interstate Commerce Act (U.S. C.A. Title 49, Section 310) are applicable.

444

(b) If the provisions of Section 210 of the Interstate Commerce Act were applicable the Commission's order of June 9, 1945, exceeded its authority for the reason that, no findings were made in support of the ultimate conclusion that there would result preferences, advantages, and discriminations as between shippers.

(c) The ultimate conclusion that there would result from such dual operations, preferences, advantages and discriminations as between shippers was wholly contrary to the record before the Commission.

The Interstate Commerce Commission and the United States, answering, allege that the said order was in nowise invalid; that the issuance of said order was a proper exercise of the discretionary authority reposed in the Commission by Congress and that this court is without power to interfere with the exercise of this discretion, since to do so would be to perform a function entrusted by Congress to the Commission.

At the hearing, argument was had on the three points raised by the petitioner, but since the court is agreed that the second ground of objection presents a controlling feature, it will be unnecessary to refer to either the first or third basis for objection to the Commission's ruling.

Examination of the record, while it shows a clearly expressed and categorically dispositive ruling, does not disclose such adequate declaration of the consideration upon which the Commission's decision rests as to enable this court to pass on the cogency of the petitioner's objection to the Commission's ruling.

In the instant case the Interstate Commerce Commission had before it the question of whether or not by imposing a forwarder billing limitation upon plaintiff's common carrier certificate, there would then be left any opportunity for preferences and discrimination between shippers. If not, it would appear that petitioner would be entitled to dual operating authority.

■ In answering that question, the Commission said: "True, it may be that the imposition of a forwarder billing limitation with respect to the common-carrier service may reduce the number of shippers utilizing that service and thus circumscribe to a commensurate degree the oppor-

tunities for rate preferences, advantages, or discriminations, as between shippers, nevertheless, it will not eliminate them. We conclude that the holding by applicant of its present permit and the certificate sought would not be consistent with the public interest and the National Transportation policy".

The mere unqualified conclusion stated by the Commission, that restriction on the petitioner's common carrier certificate would not eliminate the opportunities for discrimination between shippers, without any "explication", would not seem to satisfy the duty of the Commission to establish findings as indicated by the Supreme Court decisions herein referred to.

■ In the case of Eastern Central Motor Carriers Association et al. v. United States et al., 321 U.S. 194, 64 S.Ct. 499, 88 L.Ed. 668, it was squarely recognized that there is a duty on the Interstate Commerce Commission to make "basic or essential findings required to support [its] order." See United States v. Carolina Carriers Corp., 315 U.S. 475, at pages 488, 489, 62 S.Ct. 722, 729, 86 L.Ed. 971. Without such basic findings, intelligent review of the proceedings of the Commission would be impossible and petitions for such review would be idle gestures. The Supreme Court has ever recognized the pre-eminence of the functions of the Commission, and the fulness of the authority granted it by Congress, refusing consistently to whittle the extent of its powers; and it is significant that in the very decision in which it sets forth the obligations of the Commission to make adequate findings, the Court repeats its insistence on recognition of the Commission's exclusive right to operate within the scope of the vast authority with which Congress invested it.

■ This Court does not in any way suggest by its determination that the ruling of the Commission is not sustainable. It merely says that the "[absence of findings] properly made and predicated upon adequate evidence" (Swedesboro Transp. Co. v. United States, D.C., 45 F.Supp. 33, 35) deprives this Court of a basis for exercising even its limited function in passing on the validity of the Commission's ruling.

The matter will be referred back to the Interstate Commerce Commission for appropriate action.